UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ESTHER WILDER,

                          Plaintiff,　　　　　　OPINION AND ORDER

                                            22-cv-1254 (PKC)

     -against-


SARAH HOILAND,

                          Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Plaintiff Esther Wilder and defendant Sarah Hoiland filed cross-motions for summary judgment in this copyright infringement case. In an Opinion and Order of February 1, 2024 (ECF 85 (the "Order")), this Court granted summary judgment to Hoiland, concluding that she had made a fair use of Wilder's work. The Court also concluded that there were genuine issues of material fact about Wilder's ownership of the copyright that precluded granting her motion for summary judgment on her claim of copyright infringement. The Clerk of Court entered judgment accordingly on February 2, 2024. (ECF 86.)

        On February 13, 2024, Hoiland submitted a request to the Court for a two-week extension of time to file her motion for attorneys' fees and costs under 17 U.S.C. § 504 and Rule 54(d). (ECF 87.) Hoiland requested the adjournment of this deadline, consented to by Wilder, because they were "in discussions to determine whether this matter can be settled without further Court proceedings, and the parties believe that a short extension of the current deadline will help facilitate those discussions." (Id.) The Court granted this request. (ECF 88.) On March 1,

1

Wilder, represented by new counsel, filed a motion asking the Court to alter or amend its judgment pursuant to Rule 59(e), Fed. R. Civ. P. (ECF 94.) Hoiland also filed a motion seeking an award of attorneys' fees on March 1. (ECF 91.) After Wilder filed her motion under Rule 59(e), Hoiland sought to "withdraw" her motion for attorneys' fees because it would be "rendered premature" by the Rule 59(e) motion. (ECF 101.) Wilder filed opposition briefing to Hoiland's attorneys' fees motion, to which Hoiland replied. (ECF 98, 99, 100, 103, 104.)

For the reasons set forth below, Wilder's motion pursuant to Rule 59(e) will be denied. Hoiland's motion for attorneys' fees will also be denied.

I. WILDER'S MOTION TO ALTER OR AMEND THE JUDGMENT

The standards for motion for reconsideration under Local Rule 6.3 and altering or amending a judgment under Rule 59(e), Fed. R. Civ. P, are "identical." Burke v. Solomon Acosta & FASCore/Great West & MTA/NYC Transit Authority, 2009 WL 10696111, at *1 (S.D.N.Y. Apr. 23, 2009) (Castel, J.), affirmed sub nom. Burke v. Acosta, 377 F. App'x 52 (2d Cir. 2010) (summary order) (citation omitted). Motions to alter or amend a judgment are held to strict standards, "and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transportation, Inc., 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). Motions to alter or amend a judgment are not vehicles for the moving party to relitigate an issue the Court has already decided. Cordero v. Astrue, 574 F. Supp. 2d 373, 380 (S.D.N.Y. 2008) (Marrero, J.); see also Shrader, 70 F.3d at 257.

2

A motion for reconsideration may be granted based upon "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atlantic Airways, Ltd. v. National Mediation Board, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks and citation omitted); see also NEM Re Receivables, LLC v. Fortress Re, Inc., 187 F. Supp. 3d 390, 396-97 (S.D.N.Y. 2016) (Marrero, J.) (analyzing a motion for reconsideration under Rule 59(e), Fed. R. Civ. P., and Local Rule 6.3 under these three grounds). "Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" Exxon Shipping Company v. Baker, 554 U.S. 471, 486 n.5 (2008) (quoting 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2810.1 (2d ed. 1995)). See also Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012), as amended (July 13, 2012) (citations omitted) ("It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple'. . . .").

Conceding that she is not offering any intervening change in law or newly discovered evidence, Wilder argues that the Court's judgment should be amended based on "clear error" and "manifest injustice." (ECF 95 at 7.) She urges the Court to reverse its grant of summary judgment to Hoiland on her fair use affirmative defense and to instead grant summary judgment in her favor on her copyright infringement claim. (Id.) For the reasons explained below, the Court declines to amend or alter its judgment. Wilder's motion will be denied.

A. <u>Hoiland's Use Was a Fair Use</u>

Wilder's main contention in her Rule 59(e) motion is that Hoiland's use of the copyrighted text at issue (the "Unit 7H Text") was not transformative and that the Court therefore should not have concluded that her use was fair. (<u>Id.</u> at 8-17.) Wilder also argues that the Court "misapprehended" the context of Hoiland's use and asserts that the written slides themselves, rather than the presentation Hoiland gave using the written slides, were "all that mattered" to the fair use analysis. (<u>Id.</u> at 1, 9.)

But whether a use is transformative is not dispositive to the fair use analysis. Rather, it is an element of the analysis under the first factor, "the purpose and character of the use." <u>See</u> <u>Andy Warhol Foundation for the Visual Arts, Inc. v. Goldsmith</u>, 598 U.S. 508, 538 (2023) (explaining that a "use's transformativeness may outweigh its commercial character" as <u>part</u> of the first factor analysis); <u>Swatch Group Management Services Ltd. v. Bloomberg L.P.</u>, 756 F.3d 73, 84 (2d Cir. 2014) (quoting <u>Campbell v. Acuff-Rose Music, Inc.</u>, 510 U.S. 569, 579 (1994)) ("While a transformative use generally is more likely to qualify as fair use, 'transformative use is not absolutely necessary for a finding of fair use.'"); <u>Authors Guild, Inc. v. HathiTrust</u>, 755 F.3d 87, 102 (2d Cir. 2014) (concluding that "providing access to the print-disabled is still a valid purpose under Factor One even though it is not transformative" and ultimately concluding use was fair).

Wilder herself concedes that transformativeness is not dispositive when she cites statistics about how often courts finding transformative uses "<u>also</u> held that the uses were fair." (ECF 105 at 7 (emphasis added) (citation omitted).) Even if Hoiland's use was not transformative, then, Wilder's confidence that the grant of summary judgment to Hoiland was error "as a matter of law" is misplaced. (ECF 95 at 17; <u>see</u> <u>also</u> <u>id.</u> ("Because Hoiland's Work

4

Was Not Transformative, the Work Could Not Have Been a Fair Use.").) As Hoiland notes, the fair use standard is "flexible," Warhol, 598 U.S. at 527, and other factors in the fair use analysis also weighed in her favor, not just the "transformative" element. (ECF 97 at 7-8.) Under the first factor, the Court also concluded that Hoiland's non-commercial, educational use weighed in her favor (ECF 85 at 29, 35); the second factor, the nonfictional nature of the work, also weighed in favor of fair use (which Wilder essentially conceded) (id. at 36); and the fourth factor weighed in Hoiland's favor as well (id. at 40-44).[1] And although Wilder argues that the Court committed error by placing the burden on Wilder to show market harm under the fourth factor rather than on Hoiland, who had the burden of proving her affirmative defense, Wilder misunderstands the Court's opinion. (ECF 105 at 8 n.4.)) The Second Circuit has granted summary judgment in favor of defendants based on "essentially unrebutted" evidence in the record that showed the plaintiffs' claimed financial harm was speculative or unlikely, as was the case here. HathiTrust, 755 F.3d at 100–01; see also Maxtone-Graham v. Burtchaell, 803 F.2d 1253, 1264 (2d Cir. 1986) (finding fair use where plaintiff could not "credibly argue that the use of the quotations has harmed potential markets for her work" because she was "unable to point to a single piece of evidence portending future harm").

But the Court also declines to alter its conclusion that Hoiland's use was transformative. Even if the Court accepted Wilder's argument that it should have considered the written presentation alone, divorced from all reference to the oral component of Hoiland's

---

[1] Wilder is also not correct that Campbell "abrogated" the significance of the fourth factor. (ECF 105 at 7 n.3 (quoting Campbell, 510 U.S. at 590 n.21).) See, e.g., Authors Guild v. Google, 804 F.3d 202, 223 (2d Cir. 2015) (citing Harper & Row Publishers, Inc. v. Nation Enterprises, 471 U.S. 539, 566 (1985)) ("Because copyright is a commercial doctrine whose objective is to stimulate creativity among potential authors by enabling them to earn money from their creations, the fourth factor is of great importance in making a fair use assessment."); Swatch, 756 F.3d at 90 (quoting Harper & Row, 471 U.S. at 566) (observing that "the Supreme Court described [the fourth] factor as 'undoubtedly the single most important element of fair use'"); Yang v. Mic Network Inc., 2022 WL 906513, at *1 (2d Cir. Mar. 29, 2022) (citations omitted) (summary order) ("The Supreme Court has stressed the importance of the first factor . . . and the fourth factor" of the fair use analysis).

5

presentation, its conclusion would not change. The Court did, in fact, consider the written slides themselves in determining that Hoiland's use of the text was transformative; the Order spent several pages discussing the specific changes Hoiland made to the Unit 7H Text and the other materials she included on the written slides and why those changes and inclusions made <u>the written slides</u>, as a whole, a transformative use of the Unit 7H Text. (ECF 85 at 32-35.) Wilder urges the Court to look at the five slides that incorporate the Unit 7H Text, but those slides cannot be considered in isolation—they must be considered in the context of the entire set of slides and Hoiland's <u>purpose</u> in creating those slides, which is the context in which the Court discussed the verbal portions of the presentation. (ECF 95 at 5-6, 12-17; ECF 105 at 4.)[2]

Finally, Wilder also dedicates only one sentence of her initial and reply briefs to her claim that the Court has committed manifest injustice, "respectfully tender[ing]" that the "errors" in the Court's opinion "will impose manifest injustice not just upon Wilder but upon the legions of academics who rely on this Court—the North Star of copyright law in this Nation—to protect their work from misappropriation." (ECF 95 at 7.) Wilder provides no further support for this assertion, and it fails to meet the "manifest injustice" standard, which "is, by definition, 'deferential to district courts and provide[s] relief only in the proverbial "rare case."'" <u>Corsair Special Situations Fund, L.P. v. National Resources</u>, 595 F. App'x 40, 44 (2d Cir. 2014) (summary order) (citation omitted). <u>See, e.g.</u>, <u>Hemstreet v. Greiner</u>, 378 F.3d 265, 268-69 (2d Cir. 2004) (<u>sua sponte</u> granting reconsideration to prevent injustice upon introduction of new evidence that "call[ed] into question" the record upon which the court originally affirmed a grant

---

[2] And to the extent Wilder argues that publication and downloading of the slides constituted infringement, fair use is an affirmative defense that exempts Hoiland from liability for all of these alleged infringing uses. <u>See</u> <u>Campbell</u>, 510 U.S. at 590. The Court also did not overlook the publication of the presentation online for download by attendees in its Order. (<u>See, e.g.</u>, ECF 85 at 6, 16, 43, 44.)

6

of a habeas petition); Anwar v. Fairfield Greenwich Ltd., 745 F. Supp. 2d 379, 383 (S.D.N.Y. 2010) (Marrero, J.) (granting reconsideration to prevent manifest injustice where "technicality" and unclear briefing caused court to dismiss negligence claims that were properly pled). "[A] judgment in a civil case does not constitute 'manifest injustice' where the movant's arguments for relief 'were available to the [party] below and [the party] proffer[s] no reason for [its] failure to raise the arguments.'" Corsair, 595 F. App'x at 44 (quoting In re Johns–Manville Corporation, 759 F.3d 206, 219 (2d Cir. 2014)).

Because Wilder has not demonstrated clear error or manifest injustice, the Court denies her motion for reconsideration of the Court's grant of summary judgment to Hoiland.

### B. Ownership of the Copyright

Wilder also seeks to have this Court grant summary judgment in her favor on her claim of copyright infringement instead. The Court denies this request. Because the Court declines to reconsider its decision granting summary judgment to Hoiland on her fair use, the Court need not address Wilder's motion for it to reconsider granting summary judgment to Wilder.

Wilder's motion under Rule 59(e) is therefore denied.

## II. HOILAND'S MOTION FOR ATTORNEYS' FEES

Hoiland moves, pursuant to 17 U.S.C. § 505, for an award of attorneys' fees and costs. The Copyright Act provides, "In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable

7

attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. The Supreme Court has held that this statute "clearly connotes discretion" to a district court and that there is no "precise rule or formula" for an award of fees in this context. Kirtsaeng v. John Wiley & Sons, Inc., 579 U.S. 197, 202 (2016) (quoting Fogerty v. Fantasy, Inc., 510 U.S. 517, 533-34 (1994)).

The Court has also cited "'several nonexclusive factors' to inform a court's fee-shifting decisions: 'frivolousness, motivation, objective unreasonableness[,] and the need in particular circumstances to advance considerations of compensation and deterrence.'" Id. (quoting Fogerty, 510 U.S. at 534 n.19). "[O]bjective reasonableness is a factor that should be given substantial weight in determining whether an award of attorneys' fees is warranted." Matthew Bender & Company, Inc. v. West Publishing Company, 240 F.3d 116, 122 (2d Cir. 2001). In appropriate cases, however, a fee award may be based on other conduct of the non-prevailing party, such as "bad faith in the conduct of the litigation." Id. at 125.

The motivation behind the Copyright Act's provision for an award of attorneys' fees to the prevailing party is to "encourage the types of lawsuits that promote [the] purposes" of copyright law: "encouraging and rewarding authors' creations while also enabling others to build on that work." Kirtsaeng, 579 U.S. at 204 (citing Fogerty, 510 U.S. at 526). The Supreme Court has concluded that "[n]o matter which side wins a case, the court must assess whether the other side's position was (un)reasonable" in determining whether it is appropriate to award attorneys' fees. Id. at 207. Hoiland urges the Court that an award of attorneys' fees and costs is appropriate here because Wilder's copyright claim was "objectively unreasonable," that Wilder had an "improper" motivation or ulterior motive for bringing the case, and that an award to Hoiland would "serve the goals" of compensation and deterrence. (See, e.g., ECF 92 at 13.)

8

But here, the circumstances that courts within the Second Circuit have found to justify an award of attorneys' fees are not present. For example, in Baker v. Urban Outfitters, the court granted attorneys' fees and costs to the defendant where the plaintiff, "rather than pursuing resolution of a fairly minor dispute in good faith . . . filed and maintained this suit in an attempt to extract a significant payment from perceived 'deep pocketed' defendants" and made allegations that he had "actual personal knowledge . . . were not true"; the court also found that plaintiff's claims were unreasonable, the "most obvious example" of which was "the fact that throughout the course of the action, he and his counsel maintained their demand for more than $260,000 in 'actual damages' on a claim that was shown fairly promptly not to be worth more than $3,896." Baker v. Urban Outfitters, Inc., 431 F. Supp. 2d 351, 357 (S.D.N.Y. 2006) (Preska, J.) (citations omitted), affirmed, 249 F. App'x 845 (2d Cir. 2007) (summary order).

And in Video-Cinema Films, Inc. v. CNN, Inc., the court also awarded attorneys' fees for the defendant, finding plaintiff's case objectively unreasonable where "[n]one of the authority cited by Plaintiff . . . stood for the proposition that any use of the copyrighted material must be essential or an actual necessity to qualify as fair use" and where "Plaintiff's President and sole shareholder . . . devised an elaborate scheme to place himself in a position to sue the Defendants" by "spen[ding] ten hours watching television on the day of [subject of copyrighted film's] death trying to find as many potential targets of litigation as possible in the event that Plaintiff was able to buy the copyright to the film." Video-Cinema Films, Inc. v. Cable News Network, Inc., 2003 WL 1701904, at *4 (S.D.N.Y. Mar. 31, 2003) (Jones, J.). See also Mallery v. NBC Universal, Inc., 331 F. App'x 821, 823 (2d Cir. 2009) (summary order) ("The district court properly concluded that Plaintiffs' claims were objectively unreasonable, 'as the profound dissimilarity between their works and Heroes was indeed "obvious."'" Given this conclusion, the

9

district court did not abuse its discretion granting Defendants' application for attorneys' fees."). This case does not present similar facts of bad faith, objective unreasonableness, or other factors warranting the need for an award of fees and costs to Hoiland.

        The Court will therefore deny Hoiland's motion.

III.    CONCLUSION

        Wilder's motion to amend or alter the judgment under Rule 59(e) is DENIED. Hoiland's motion for attorneys' fees and costs is also DENIED. The Clerk is respectfully requested to terminate the motions (ECF 91, 94) and close the case.

        SO ORDERED.

P. Kevin Castel
United States District Judge

Dated:    New York, New York
         April 24, 2024