UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

**Docket Number(s):** 24-1436(L); 24-1567(XAP)     **Caption [use short title]**

**Motion for:** an Order Striking a Designated Portion of Appellee-Cross-Appellant Sarah Hoiland's Initial Brief

**Set forth below precise, complete statement of relief sought:**

Appellant-Cross-Appellee Esther Wilder and Appellee-Cross-Appellant Sarah Hoiland jointly request that the Court strike a designated portion of Hoiland's initial brief.

# Wilder v. Hoiland

**MOVING PARTY:** Appellant-Cross-Appellee Esther Wilder and Appellee-Cross-Appellant Sarah Hoiland     **OPPOSING PARTY:** N/A

☐ Plaintiff     ☐ Defendant
☑ Appellant/Petitioner     ☑ Appellee/Respondent

**MOVING ATTORNEY:** Guy Cohen, Esq. and Matthew Hersh, Esq.     **OPPOSING ATTORNEY:** N/A

[name of attorney, with firm, address, phone number and e-mail]

Guy Cohen, Davis+Gilbert LLP, 1675 Broadway, New York, NY 10019
(212) 468-4800, gcohen@dglaw.com; Matthew Hersh, Mestaz Law,
5090 N. 40th Street, Suite 200, Phoenix, AZ 85018, (602) 806-2068, Matt@MestazLaw.com

**Court- Judge/ Agency appealed from:** Southern District of New York - Hon. P. Kevin Castel

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes  ☐ No (explain): Joint Motion

Opposing counsel's position on motion:
☑ Unopposed  ☐ Opposed  ☐ Don't Know

Does opposing counsel intend to file a response:
☐ Yes  ☑ No  ☐ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**

Has this request for relief been made below?  ☐ Yes  ☐ No
Has this relief been previously sought in this court?  ☐ Yes  ☐ No
Requested return date and explanation of emergency:

Is oral argument on motion requested?  ☐ Yes  ☑ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?  ☐ Yes  ☑ No  If yes, enter date:

**Signature of Moving Attorney:**

/s/ Guy Cohen     **Date:** 1/13/2025     Service by: ☑ CM/ECF  ☐ Other [Attach proof of service]

/s/ Matthew Hersh

Form T-1080 (rev.12-13)

# 24-1436 (L)

## 24-1567 (XAP)

# In the United States Court of Appeals for the Second Circuit

---

ESTHER WILDER,
PLAINTIFF-APPELLANT-CROSS-APPELLEE

*v.*

SARAH HOILAND,
DEFENDANT-APPELLEE-CROSS-APPELLANT

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK (CIV. NO. 22-721)

---

**JOINT MOTION TO STRIKE A DESIGNATED PORTION OF APPELLEE-CROSS-APPELLANT SARAH HOILAND'S INITIAL BRIEF**

---

| | |
|---|---|
| MATTHEW HERSH | GUY COHEN |
| MESTAZ LAW | DANIELLE C. ZOLOT |
| 5090 N. 40th Street | DAVIS+GILBERT LLP |
| Suite 200 | 1675 Broadway |
| Phoenix, AZ 85018 | New York, NY 10019 |
| (602) 806-2068 | (212) 468-4800 |

Appellant-Cross-Appellee Esther Wilder and Appellee-Cross-Appellant Sarah Hoiland, by and through their undersigned counsel, respectfully submit this joint motion requesting that the Court strike a designated portion of Hoiland's initial brief (the "Hoiland Brief" or "Hoiland Br.").

On November 4, 2024, Hoiland submitted the Hoiland Brief. (Dkt. 35.1.) In conjunction with her Cross-Appeal of the District Court's determination denying Hoiland an award of attorney's fees, Hoiland stated:

> [Wilder] steadfastly refused to settle this Action, despite countless discussions and the efforts of three mediators (including the Second Circuit's mediator), because she insisted on receiving from Hoiland an explicit or implicit admission of wrongdoing.

(Hoiland Br. at 64-65.)

Wilder contends that this sentence (the "Disputed Sentence") violates Local Rule 33.1 because it contains a reference to the outcome of the CAMP mediation between the parties as well as an assertion of the position Wilder took in that mediation. Local Rule 33.1 of this Court states as follows:

> Information shared during a CAMP proceeding is confidential and is not included in court files or disclosed to the judges of this court except to the extent disclosed by an order entered as a result of a CAMP proceeding. The attorneys and other participants are prohibited from disclosing what is said in a CAMP proceeding to anyone other than clients, principals or co-counsel, and then, only upon receiving due assurance that the recipient will honor confidentiality.

Local Rule 33.1(e). Accordingly, Wilder has informed Hoiland that she intends to move to strike this reference to the CAMP mediation within the Hoiland Brief. *E.g.*,

Appellant-Cross-Appellee Esther Wilder and Appellee-Cross-Appellant Sarah Hoiland, by and through their undersigned counsel, respectfully submit this joint motion requesting that the Court strike a designated portion of Hoiland's initial brief (the "Hoiland Brief" or "Hoiland Br.").

On November 4, 2024, Hoiland submitted the Hoiland Brief. (Dkt. 35.1.) In conjunction with her Cross-Appeal of the District Court's determination denying Hoiland an award of attorney's fees, Hoiland stated:

> [Wilder] steadfastly refused to settle this Action, despite countless discussions and the efforts of three mediators (including the Second Circuit's mediator), because she insisted on receiving from Hoiland an explicit or implicit admission of wrongdoing.

(Hoiland Br. at 64-65.)

Wilder contends that this sentence (the "Disputed Sentence") violates Local Rule 33.1 because it contains a reference to the outcome of the CAMP mediation between the parties as well as an assertion of the position Wilder took in that mediation. Local Rule 33.1 of this Court states as follows:

> Information shared during a CAMP proceeding is confidential and is not included in court files or disclosed to the judges of this court except to the extent disclosed by an order entered as a result of a CAMP proceeding. The attorneys and other participants are prohibited from disclosing what is said in a CAMP proceeding to anyone other than clients, principals or co-counsel, and then, only upon receiving due assurance that the recipient will honor confidentiality.

Local Rule 33.1(e). Accordingly, Wilder has informed Hoiland that she intends to move to strike this reference to the CAMP mediation within the Hoiland Brief. *E.g.*,

*In re Felzenberg*, 242 F.3d 365 (2d Cir. 2000) (striking improper portions of appellate brief).

Hoiland contends that she did not disclose what was said at the CAMP proceeding and therefore did not violate Local Rule 33.1(e). In support of her motion for attorney's fees before the District Court, Hoiland included evidence concerning the settlement position Wilder took throughout the litigation, and in doing so, Hoiland cited to case law indicating that a court may properly consider evidence regarding settlement negotiations in assessing an attorney's fees motion. *See Wilder v. Hoiland*, 1:22-cv-01254 (PKC), Dkt. 92, at 11 & n.3 (March 1, 2024); *see Walsh v. Townsquare Media, Inc.*, 565 F. Supp. 3d 400, 404 (S.D.N.Y. 2021); *Walsh v. Townsquare Media, Inc.*, No. 19-CV-04958 (VSB), 2022 U.S. Dist. LEXIS 79444, at *7 n.6 (S.D.N.Y. May 2, 2022); *Fortgang v. Pereiras Architects Ubiquitous LLC,* No. CV-16-3754(ADS) (AYS), 2018 U.S. Dist. LEXIS 40359, at *10-11 (E.D.N.Y. Mar. 9, 2018) ("Because these documents are not submitted to determine liability or validity of claims, their consideration is not barred by Rule 408.") (collecting cases).[1]

---

[1] Wilder's view is that while these cases may authorize the consideration of evidence of settlement negotiations in the ordinary course, they do not apply to CAMP proceedings that are governed by the rules of this Court.

2

In the Hoiland Brief, Hoiland again referenced the settlement position that Wilder took throughout the litigation, and it is Hoiland's position that the parenthetical reference to the Second Circuit mediator in the Disputed Sentence was not intended to convey, nor did it convey, anything that was said during the CAMP conference.

Notwithstanding Hoiland's disagreement with Wilder's contention, Hoiland will agree to have the words shown in strikethrough below stricken from the Disputed Sentence:

> [Wilder] steadfastly refused to settle this Action, despite countless discussions and the efforts of ~~three~~ mediators ~~(including the Second Circuit's mediator)~~, because she insisted on receiving from Hoiland an explicit or implicit admission of wrongdoing.

For these reasons, the parties jointly request that the Court strike the word "three" and the parenthetical containing the words "including the Second Circuit's mediator" from the Disputed Sentence in the Hoiland Brief.

Respectfully submitted,

/s/ *Matthew Hersh*
Matthew Hersh
MESTAZ LAW
5090 N. 40th Street
Suite 200
Phoenix, AZ 85018
Telephone: (602) 806-2068

*Counsel for Appellant-Cross-Appellee Esther Wilder*

/s/ *Guy Cohen*
Guy Cohen
Danielle C. Zolot
DAVIS+GILBERT LLP
1675 Broadway
New York, NY 10019
Telephone: (212) 468-4800

*Counsel for Appellee-Cross-Appellant Sarah Hoiland*

Dated: January 13, 2025

3