# 24-1436 (L)

## 24-1567 (XAP)

---

# In the United States Court of Appeals for the Second Circuit

---

ESTHER WILDER,
PLAINTIFF-APPELLANT-CROSS-APPELLEE

*v.*

SARAH HOILAND,
DEFENDANT-APPELLEE-CROSS-APPELLANT

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK (CIV. NO. 22-721)

---

**REPLY OF APPELLANT-CROSS-APPELLEE ESTHER WILDER
IN SUPPORT OF MOTION TO STRIKE IMPROPER SUR-REPLY**

---

MATTHEW HERSH
MESTAZ LAW
*5090 N. 40th Street*
*Suite 200*
*Phoenix, AZ 85018*
*(602) 806-2068*

---

Hoiland has doubled down on her sur-reply. To win her cross-appeal, she must show that the district court abused its discretion in finding that Wilder's claim was objectively reasonable. In Hoiland's view, that gives her the final word on the *merits* of the claim as well. But the merits of the claim are addressed in Wilder's appeal, not Hoiland's cross-appeal. And a cross-appellee's reply brief "must be limited to the issues presented by the cross-appeal." Fed. R. App. P. 28.1(c)(4). Hoiland would drive a gaping hole through this doctrine. Her argument must fail.

Hoiland comes up with no meaningful justification for her refusal to comply with the rules:

1. *The difference between objective reasonableness and merit.* As Wilder argued in her motion to strike, courts apply a different test to the question of "objective reasonableness" as they do to the question of merit. Mot. at 10-11 (citing, *inter alia, CK Co. v. Burger King Corp.*, 92 CIV 1488 (CSH), 1995 WL 29488, at *1 (S.D.N.Y. Jan. 26, 1995) ("Not all unsuccessful litigated claims are objectively unreasonable"); *Inst. for the Dev. of Earth Awareness v. People for the Ethical Treatment of Animals*, 08 CIV 6195 (PKC), 2011 WL 2565373, at *1 (S.D.N.Y. June 14, 2011) ("The conclusion that no reasonable jury could find copyright

infringement on the part of [the prevailing party] is not tantamount to a finding that the positions asserted by [the losing party] were objectively unreasonable.")). Hoiland's response to this argument is all of the following: "Wilder is correct, of course, but difficulties of proof plainly do not provide a basis to strike portions of the Reply Brief." Resp. at 5. But this is merely a statement of conclusion—not an argument. Hoiland effectively acknowledges the point.

*2. The standard of review on appeal.* As Wilder explained in her motion to strike, Hoiland must show not only that Wilder's argument was objectively unreasonable but that the district court abused its discretion in reaching the opposite conclusion. Mot. at 11 ("Hoiland cannot possibly believe that continuing to hammer away at the merits will advance her appeal under this standard."). Hoiland's response is that "it's inaccurate to say that Hoiland was 'hammering away' at the merits; rather, the Reply Brief was narrowly tailored to Hoiland's central argument." Opp. at 6. This, too, is not a justification for Hoiland's approach. It is merely a description of what Hoiland was *doing*: re-arguing the merits of Wilder's "central argument." Hoiland therefore acknowledges this point as well.

*3. The sudden growth in Hoiland's objective reasonableness argument.* As Wilder noted in her opening motion, Hoiland spent 558 words on objective reasonableness in her opening brief and 2,204 words on objective reasonableness in her reply. Mot. at 6. Hoiland does not dispute those figures but claims that the 558 words in the opening brief were part and parcel of "an integrated 71-page brief." Opp. at 7. Once again, Hoiland is simply acknowledging the reality: she treated the appeal and cross-appeal as indistinguishable. She therefore acknowledges this point as well.

*4. The argument about implied license.* As Wilder pointed out in her opening brief, Hoiland could not cross-appeal on the implied license issue because it was merely an alternative ground of appeal. Mot. at 13 (*quoting Kontakis v. Beyer*, 19 F.3d 110, 112 (3d Cir. 1994)). Since she could not cross-appeal on the issue, she could not argue it in a cross-appeal *brief*. But Hoiland acknowledges that this is *precisely* what she is doing because her cross-appeal reply "responds to" those arguments in Wilder's reply. Opp. at 8. She therefore acknowledges this point as well. (Indeed, if there is a clearer admission that her brief was a sur-reply, it is hard to imagine.)

*5. The possibility for mischief.* Finally, Wilder's opening motion argued that Hoiland's position was a naked invitation for gamesmanship because it will encourage prevailing parties to bring meritless cross-appeals on attorney fees in order to get in the last word on the merits. Mot. at 13-14. Hoiland does not bother to dispute this at all, saying only that she "will not opine on what hypothetical appellees might do in different circumstances." Opp. at 9. But that, once again, acknowledges the point. Hoiland believes that her attorney fees cross-appeal gives her *carte blanche* to ignore the rules and write a sur-reply on the merits. If she is right, it will lead to a blizzard of meritless appeals. The argument should be discarded out of hand.

Respectfully submitted,

/s/ *Matthew Hersh*
Matthew Hersh
MESTAZ LAW
5090 N. 40th Street
Suite 200
Phoenix, AZ 85018
Telephone: (602) 806-2068

*Counsel for Appellant-Cross-Appellee Esther Wilder*

Dated: February 12, 2025

## CERTIFICATE OF SERVICE

I, Matthew Hersh, hereby certify that on February 12, 2025, I filed the foregoing Reply of Appellant-Cross-Appellee Esther Wilder in Support of Motion to Strike Improper Sur-reply through this Court's CM/ECF system, that counsel for all parties are registered CM/ECF users, and that service of all parties will be accomplished through the CM/ECF system.

/s/ *Matthew Hersh*
*Counsel for Appellant-Cross-Appellee Esther Wilder*